IMEN COHEN *vs.* DAVID EDINBERG.

HARRY ROSENBERG *vs.* SAME.

Worcester.    October 5, 1916. — November 27, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* Exceptions, Trial of cases together.    *Evidence,* Competency.
*Words,* "Cannot."

Upon the argument of exceptions to the exclusion of certain evidence at a trial,
where the excepting party had failed to state what he proposed to prove by the
evidence offered and excluded, it was *said* that in the present case, although
this failure alone was sufficient ground for overruling the exceptions, this
court preferred to base their opinion upon the ground that, whatever the ex-
cepting party expected to prove by the evidence, it was excluded properly.

In an action to recover damages for a breach of a contract in writing to sell certain
land to the plaintiff at a certain price, evidence offered by the plaintiff to show
the instructions given by the defendant to a real estate broker, who claimed to
be entitled to a commission for making the sale, must be excluded, if the broker
testifies that the instructions inquired about were given to him before the
contract sued upon was signed.

Together with the action above described there was tried an action by the broker
against the alleged seller to recover a commission for bringing about the sale of
land which the defendant refused to complete, and the plaintiff broker contended
that the evidence of the instructions given to him before the making of the
contract was admissible in his action because he was not a party to the con-
tract.    By an agreement of the parties under which the actions were tried to-
gether it was stipulated "that both plaintiffs were entitled to recover or that
neither was entitled to recover." *Held,* that under this agreement the right of
the plaintiff broker to recover a commission was dependent wholly on whether
the defendant was bound by the contract in writing to convey the land to the
plaintiff purchaser, and that, if he was not so bound, no commission could be
recovered, so that by the terms of the stipulation the evidence was made in-
competent in the broker's action also.

In an action to recover damages for the breach of a contract in writing to convey
certain real estate to the plaintiff at a price named, it appeared that mort-
gages upon the real estate were held by B and W, and the contract, after provid-
ing that arrangements were to be made with B and W whereby the mortgages
held by them were to be discharged and three new mortgages were to be given
them as their interests might appear to an amount named, stipulated that, "if
however said arrangements with said B and W cannot be perfected, this agree-
ment is to be void and of no effect."    Just below in the contract it was stipulated
that "if same are perfected" the real estate broker making the arrangements
shall receive a commission.    The real estate broker failed to make the desired
arrangements with B and W.    During the trial the real estate broker, as a

witness, for the plaintiff, was asked whether during his talks with B and W there was anything said with reference to the exact amount that was due to either one of them, and answered, "Yes." On objection of the defendant the presiding judge excluded the question and answer. *Held,* that the exclusion was right; that the words in the condition of the stipulation "cannot be perfected" meant "are not perfected," that consequently by the terms of the stipulation the agreement to convey the real estate had become "void and of no effect," and that under these circumstances it was of no consequence what amounts were due under the mortgages then held by B and W.

TWO ACTIONS OF CONTRACT, the first by Cohen against Edinberg for $200, alleging a breach by the defendant of an agreement in writing with the plaintiff to convey to the plaintiff certain real estate numbered 307, 309 and 311 on Plantation Street in Worcester for the price of $19,250 before August 15, 1914, and seeking to recover the sum of $200 alleged to have been deposited by the plaintiff with the defendant under the agreement and also alleged to be due to the plaintiff as liquidated damages for non-performance of the agreement by the defendant; and the second action by Rosenberg against Edinberg to recover a commission of two per cent of the purchase price alleged to be due to him as a real estate broker for negotiating the sale to Cohen of the premises named above.    Writs dated August 19, 1914.

In the Superior Court the cases were tried together before *Wait,* J., without a jury.    The material evidence is described in the opinion.    The judge found for the defendant in both cases. The plaintiff alleged two exceptions to the exclusion of evidence, which are explained in the opinion.

The cases were submitted on briefs.

*A. T. Saunders, S. G. Friedman & P. D. Howard,* for the plaintiffs.

*M. M. Taylor & M. C. Taylor,* for the defendant.

LORING, J.    The only questions in these two cases arise out of exceptions taken to the exclusion of evidence.

The cases were tried by a judge sitting without a jury.    The facts found by him were in substance these: Cohen (the plaintiff in the first action) made a written agreement with Edinberg by which he agreed to buy and Edinberg agreed to sell to him three parcels of land.    The land in question was subject to first mortgages amounting in the aggregate to $12,500.    The purchase money was $19,250 to be paid as follows: $12,500 by Cohen assuming the

first mortgages; $200 was paid to a third person as a deposit on the making of the contract; $1,000 (made up of $800 in cash and a note for $200) was to be paid on the delivery of the deed; the remaining $5,550 was to be paid by the purchaser's notes amounting to that sum secured by second mortgages on the land conveyed to be paid in certain instalments specified in the written agreement. At the date of the written agreement one Wood and one Barnes held construction mortgages on the land in question amounting in the aggregate on their face to $10,000. At that time there was due on these mortgages to Wood the sum of $3,500, "and a large sum, the exact amount of which was not shown in the evidence, was due Barnes." It was provided in the written agreement that arrangements were to be made with Wood and Barnes "whereby the mortgages held by them are to be discharged and three new mortgages given to them as their interests may appear totaling in amount fifty-five hundred and fifty dollars." The written agreement ended with this provision: "If said installments [by which the new second mortgages amounting to $5,550 were to be paid] cannot be apportioned satisfactorily to Barnes and Wood or if however said arrangements with said Barnes and Wood cannot be perfected, this agreement is to be void and of no effect and the deposit herein named is to be returned to party of second part. If said arrangements can be perfected, either party failing to carry out terms of this agreement shall forfeit to the other as liquidated damages the sum of two hundred dollars. If said arrangements cannot be perfected as aforesaid with Barnes and Wood, a broker's commission is not to be paid to Harry Rosenberg by party of first part. If same are perfected, Rosenberg is to receive commission from party of the first part," that is to say, from Edinberg.

By the true construction of the written agreement the arrangements (by which Barnes and Wood were to take new second mortgages amounting to $5,550 in place of those then held by them) were to be made by Rosenberg. It was expressly stipulated in the written agreement, that Rosenberg had to perfect those arrangements to earn his commission. Rosenberg was not a party to the written agreement, but as between Cohen and Edinberg (who were the parties to it) the arrangements were to be made by Rosenberg. Rosenberg undertook to make those arrangements but failed

in his attempt. He procured agreements from Barnes and Wood, but those agreements gave to Barnes and Wood the $1,200 which by the terms of the written agreement was to be received by Edinberg as part of the purchase money on making the conveyance.

The first action was brought by Cohen (the purchaser of the land) on the ground that Edinberg wrongfully refused to make a conveyance. The second was brought by Rosenberg to recover a broker's commission.

On these facts neither plaintiff was entitled to recover. The written agreement between Cohen and Edinberg had come to an end on Rosenberg's failure to procure an agreement by Barnes and Wood to take the new second mortgages in place of those then held by them, and this same failure on Rosenberg's part was fatal to his claim that he had earned a commission if the statement in the written agreement between Cohen and Edinberg was correct as to the conditions under which a commission was to be taken to have been earned by him.

The following statement in regard to the stipulation under which the cases were tried together is contained in the bill of exceptions: "The cases were tried together and it was agreed that both plaintiffs were entitled to recover or that neither was entitled to recover."

At the trial Rosenberg was asked by his counsel "What instructions were given you about disposing of the cash when you were given instructions to see Mr. Barnes and Mr. Wood?" Upon Rosenberg's stating that those instructions were given him before the written agreement between Cohen and Edinberg was signed, the judge ruled that the question was not competent, and an exception was taken by the counsel who appeared for both plaintiffs. This is the first exception now before us.

Later on in the trial Rosenberg was asked whether during his talks with Wood and Barnes there was anything said with reference to the exact amount that was due to either one of them. The witness answered "Yes." To this question and answer the counsel for the defendant objected, they were excluded by the judge and to that exclusion the plaintiffs took an exception. This is the second exception now before us.

Both these exceptions might be disposed of on the ground that no statement was made of what the plaintiffs expected to prove.

But we prefer to base our opinion on the fact that no matter what the plaintiffs expected to prove there is nothing in either exception.

As we have already said, the $1,200 (made up of the $200 deposit, the $800 cash and the $200 note) by the terms of the written agreement between Cohen and Edinberg was to belong to Edinberg. It seems to be so on the true construction of the written agreement. But, even if that were not so, it must be taken to be the true construction of the written agreement for the purposes of this case. The judge who tried the case so ruled and no exception was taken to that ruling. It follows that this evidence was not competent in the first action brought by Cohen on the ground that Edinberg had wrongfully refused to convey the land to him. At the trial and at the argument here both plaintiffs were represented by the same counsel. The learned counsel has contended that, although originally this evidence was not competent in the action brought by Cohen against Edinberg, it was competent in the action brought by Rosenberg against Edinberg; it was competent in that action because Rosenberg was not a party to the written agreement; and being competent in that action it enabled Cohen (if the jury believed it) to recover in the first action under the trial agreement "that both plaintiffs were entitled to recover or that neither was entitled to recover."

In other words the plaintiffs' contention is that the true construction of this trial agreement is this: If Rosenberg by reason of oral instructions given to him by Edinberg before the written agreement between Cohen and Edinberg was signed is entitled to a commission the trade made between Cohen and Edinberg by the written agreement is to go for nothing and Edinberg is to be liable to Cohen for not making a conveyance when by the written agreement between them he was not bound to make one. It is hard to believe that that is the true construction of the trial agreement. The rights between Cohen and Edinberg were not dependent upon the rights between Rosenberg and Edinberg. But the rights between Rosenberg and Edinberg were dependent upon the rights between Cohen and Edinberg. If Edinberg was bound to convey to Cohen, Rosenberg had effected a sale and so had earned a commission. The question whether Edinberg was bound to convey to Cohen and thus inferentially whether Rosenberg had earned a commission was to be tried out in the first

action. It was true, therefore, that the right of Rosenberg to a commission depended upon the result of the first action brought by Cohen against Edinberg. In that sense it was true that "both plaintiffs were entitled to recover or that neither was entitled to recover." We are of opinion that the trial agreement must be so construed, namely, to mean that, if Edinberg was bound to convey to Cohen, Rosenberg had earned a commission and so was entitled to recover in the second action; and that on the other hand, if Cohen was not entitled to a conveyance from Edinberg, Rosenberg was not entitled to a commission and so was not entitled to recover in the second action.

The result is that, although evidence of oral instructions given by Edinberg to Rosenberg before the written agreement between Cohen and Edinberg was made would have been competent in the action brought by Rosenberg against Edinberg had it not been for the trial agreement, they were rendered incompetent by force of that agreement. It follows that the first exception must be overruled.

Even if it be true that the claim made by Wood and Barnes as to the amount due to them is evidence of what that amount was, it was not competent to prove what they claimed that amount to be. Rosenberg had failed in securing from Barnes and Wood an arrangement by which they were to take new second mortgages amounting in the aggregate to $5,550 in place of those then held by them. He had failed because the agreements procured by him from Barnes and Wood were not within the terms of the written agreement between Cohen and Edinberg. That brought the written agreement between Cohen and Edinberg to an end. Under these circumstances it was of no consequence what the amounts were which were due under the mortgages which were then held by Barnes and Wood. The provision in the written agreement between Cohen and Edinberg, that that agreement is to be void and of no effect "if however said arrangements with said Barnes and Wood cannot be perfected," must be construed to mean "if said arrangements with said Barnes and Wood are not perfected," and this was assumed by the parties to be the true construction of those words when they provided later on in the same written agreement that Rosenberg was to receive a commission "if same are perfected." It follows that the second exception must be overruled.

*Exceptions overruled.*