## POWELL *v.* STATE TAX COMMISSION

No. 40701 March 24, 1958 101 So. 2d 350

186

*J. A. White,* Durant, for appellant.

*James E. Brown,* Jackson, for appellee.

Lee, J.

H. D. Powell brought an action of mandamus in the Circuit Court of Hinds County to require the State Tax Commission to issue him a permit to sell beer at retail near Durant in Holmes County.

The petition alleged that, on March 21, 1957, Powell applied under Sections 10238 and 10238-01, Code of 1942, to the Commission on forms provided by it for the permit; that the Chairman, on March 26, 1957, advised that as a result of his investigation, the application was denied; that on March 30, 1957, Powell's attorney responded that he was not apprised that an investigation was contemplated, nor was he permitted to present evidence thereon; that he had previously been granted permits both for this and other locations, and had never had one revoked or suspended, and solicited a reconsideration with the privilege of presenting evidence; and that on April 2, 1957, the Chairman advised that the power was given to him to grant or refuse permits and he did not think it was necessary for a hearing of the matter. It was further alleged that the Commissioner's action on the application was purely ministerial, and that Powell was therefore entitled to the permit.

The answer of the Commissioner admitted the filing of the application, its denial, the applicant's request for a hearing, and the Commissioner's denial thereof on the ground that no hearing is provided for in the law. It said further that inquiry was made of the Sheriff of Holmes County concerning Powell's qualifications, and that on March 21, 1957, the sheriff, in a letter, set forth information which reflected on the moral character of the petitioner, and on account of this and additional information, the Commissioner determined that Powell was not a person of good moral character and was not qualified to receive such permit; and that the denial thereof was not arbitrary, but was based upon reasonable and sufficient grounds.

The trial judge, after hearing the pleadings and arguments, held that the Commissioner, in denying the issuance of such permit, acted in a discretionary, not in a ministerial, capacity, and refused to issue the writ of mandamus. From that action, Powell appealed.

Under Section 2, Chapter 127, Laws of 1934, the original act, now Section 10238, Code of 1942, a person, who desired to engage in the business as a retailer of beer, was required to file an application for a permit. Certain information had to be given. He had to promise under oath that he would not allow any alcoholic, malt, or vinous liquors, including beer and wine, having an alcoholic content of more than four per cent by weight, to be kept, stored, or secreted in or on the premises; and that he would not otherwise violate any law of the state, or knowingly allow any other person to do so while in or on such premises. Upon receipt of the application and the required oath, it was provided that "* * * the Commissioner shall issue to such applicant, without cost, a permit * * *". Appellant therefore contends that when the Commissioner received the application and executed oath, he was required, under the above statute, to issue the permit to him.

It will be seen that the original act specified no qualifications whatever for an applicant. But the Legislature, by Chapter 133, Laws of 1944, amended the above statute so as to add a new Section "2A" thereto, which is now Section 10238-01, Code of 1942, Recompiled, and which provides that the applicant must further show that he possesses the qualifications therein enumerated. Those qualifications are contained in six subparagraphs, the designated "(1)" thereof being in these words: "Applicant must be a person of good moral character, a citizen of the United States and the State of Mississippi."

It is obvious, from a consideration of these qualifications, that the Legislature was seeking to raise the standard of those who could be licensed to retail beer.

While local option applies, the State still proposes to maintain control as to who may sell, and when and where.

██ ██ Undoubtedly, the State has the power to do that. One of the main reasons for the licensing system is to restrict the beer traffic ''to persons of good moral character who may reasonably be expected to keep their business free from the greater vices which have impelled restrictive legislation on the question'', and ''The burden of showing the necessary moral character ordinarily rests on the applicant * * *.'' See 30 Am. Jur., Intoxicating Liquors, Section 143, pp. 618-9. ██ ██ The granting of a permit ordinarily rests in the sound discretion of the official to whom the duty is committed. The refusal to grant a permit ''deprives no man of any personal or property right, but merely deprives him of a privilege which it is in the discretion of the proper authorities to grant or withhold.'' ██ ██ The rejection of an application may not be arbitrary or capricious. Ibid. Section 152, pp. 623-4. The applicant has no inherent right to a permit.

██ ██ Although Powell, in his application, stated under oath that he was of good moral character, it is unlikely that the Legislature intended that the Commissioner would be compelled to accept such statement as sufficient to show good moral character. Keeping in mind the background and public policy of this State as to liquor of all kinds and the regulatory acts, it seems clear that, by the words ''The applicant shall further show in his application that he possesses the following qualifications'', it was meant that he should make apparent or clear by evidence, testimony or reasoning, or prove or demonstrate that he possesses such qualifications. Webster's New International Dictionary, 2d Ed.

██ ██ If the law specially enjoined upon the Commissioner the duty to issue this permit in this instance, then obviously mandamus was a proper remedy. Section 1109, Code of 1942. ██ ██ But whether the ap-

plicant possessed the requisite qualifications had to be determined by the Commissioner. Thus, when he acted, he did so in the exercise of discretion, that is, judicially, and not ministerially.

In Stone v. Farish, 199 Miss. 186, 23 So. 2d 911, which held that the Commissioner had authority to cancel the permit of a wholesale distributor of beer, the opinion said that this kind of permit or license was "not a property or contract right. Its revocation need seek no judicial sanction * * *".

In 48 C. J. S., Intoxicating Liquors, Section 160, pp. 262-3, it is said: "Mandamus lies to compel the issuance of a liquor license or permit *only* where such issuance is mandatory or merely ministerial, or where the licensing authority has abused its discretion or acted arbitrarily; and the applicant must show a clear legal right to this relief and compliance with all requirements for a license." (Emphasis supplied.)

It was pointed out in Board of Supervisors, Prentiss County v. Mississippi State Highway Commission, 207 Miss. 839, 42 So. 2d 802, that mandamus is a discretionary writ which will be withheld, even in a case of absolute legal right, if the public interest would be adversely affected. Before it may issue, it was said that three essentials must coexist, namely: "(1) A clear right in petitioner to the relief sought * * * (2) The existence of a legal duty on the part of the defendant to do the thing which the petitioner seeks to compel * * * (3) There must be an absence of another adequate remedy at law * * *".

A writ of mandamus can compel an inferior tribunal to exercise its discretion, but it cannot control the same. City of Clarksdale v. Harris, 188 Miss. 807, 196 So. 647, and cases there cited.

This Court has always been, and is now, deeply concerned that every person, claiming a legal right, shall have an opportunity to be heard and have his day in

court. It is true that the appellant, in his petition, stated that the Commissioner acted arbitrarily in refusing to grant a hearing. But the action did not originate as one to compel the Commissioner to grant a hearing so that it could be shown that he abused his discretion and acted arbitrarily and capriciously. The learned trial judge in his opinion indicated his helplessness to grant any relief on account of the nature of the action as then presented to him for decision. Counsel for the appellant seemed to understand and appreciate the significance of the trial judge's remarks, for, in response thereto he said, ''We might request the Court to require that such a hearing be held by the Commission and record made.'' At any rate, the question of appellant's right to a hearing on his application before the Commissioner or the Commission, as stated above, was not properly presented to the trial judge. Consequently this Court can neither change the nature of the action nor arrive at a different result.

Since the Commissioner, in denying the permit, was acting not ministerially but in the exercise of discretion, the action of the trial judge in refusing to grant the writ of mandamus must be, and is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.