SMITH, Justice:
The City of Jackson has appealed from a final judgment of the Circuit Court of the First Judicial District of Hinds County directing the issuance of the writ of mandamus requiring it to issue a building permit to appellees, Jimmie D. Mayfield and Ella-gene C. Mayfield, for the construction of a church building upon certain property belonging to them in that municipality.
It was stipulated in the record that the property in question is zoned A-l residential. The existing zoning ordinance of the City of Jackson permits the construction of churches in A-l residential districts provided off-street parking areas are available for at least one car for each ten seats of the main auditorium. The plans and specifications of the proposed construction provided for an auditorium with a seating capacity of 110 with off-street parking for sixty automobiles. These plans were submitted to the director of the building department of the City of Jackson and all requirements made by him were met. They were also approved by the city traffic department.
A petition, signed by several citizens of the community protesting the issuance of a building permit for the proposed construction of the church, was filed. Following the filing of this petition, the issuance of the permit was refused, and the matter was referred to the City Council for a hearing. This hearing, which is said to have been somewhat abbreviated, resulted in an order of the Council declining to issue the permit. Appellees prepared and submitted a bill of exceptions for an appeal under Mississippi Code 1942 Annotated section 1195 (Supp. 1966), in which they set forth their version of the facts, the action of the City Council of which they complained, and the grounds assigned as requiring reversal. When this document was submitted to the municipal *879 authorities of the City of Jackson, certain objections were interposed as to its contents, and it was neither signed nor filed with the circuit court clerk as required by the above section.
Mississippi Code 1942 Annotated section 1195, supra, provides:
Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities; and the clerk thereof shall transmit the bill of exceptions to the circuit court * * * at once. * * *. (emphasis added)
Notwithstanding the concluding requirement of the above section, the bill of exceptions, although modified in certain respects at the suggestion of the city authorities, was neither signed nor filed with the circuit court clerk. After approximately sixty days, during which efforts had been made by appellees to have the bill of exceptions signed and filed, they filed in the circuit court of the First Judicial District of Hinds County, a petition praying for the issuance of a writ of mandamus, directed to the City of Jackson, requiring it to issue the desired building permit. When the process issued on this petition was served upon the City of Jackson, the bill of exceptions, with certain modifications, was signed by the Mayor and transmitted to the clerk of the Circuit Court of the First Judicial District of Hinds County.
The City of Jackson answered the petition for the writ of mandamus and moved to dismiss it upon the ground that Mississippi Code 1942 Annotated section 1109 (1956) limits the remedy of mandamus to cases “where there is not a plain, adequate, and speedy remedy in the ordinary course of law.” The city took the position that the right of appeal, which appellees had in fact attempted to exercise, constituted a plain, adequate and speedy remedy in the ordinary course of law within the meaning of that section and precluded resort to the extraordinary remedy of mandamus. The circuit court overruled the motion to dismiss appel-lees’ petition and proceeded to hear the case upon its merits. The City of Jackson declined to offer any proof, but continued to stand upon the proposition that the writ of mandamus should not issue because appel-lees, under the statute providing for appeals by bill of exceptions, had a plain, adequate and speedy remedy in the ordinary course of law. The circuit court found that appellees had complied fully with all of the requirements of the building codes and ordinances of the City of Jackson and were entitled to have issued to them a building permit for the proposed construction as a matter of right, that the City of Jackson had acted arbitrarily and had exceeded its powers in denying such permit, and that its action in doing so was unreasonable, discriminatory, unlawful and an abuse of discretion.
The court rejected the city’s contention and rendered a final judgment directing that the writ of mandamus issue requiring the City of Jackson to issue the building permit for which appellees had applied.
The Circuit Court of the First Judicial District of Hinds County was in session on October 7, 1966, for a thirty-six day term which had commenced on the first Monday in September, as provided in Mississippi Code 1942 Annotated section 1401 (Supp. 1966). The bill of exceptions was filed with the City of Jackson on the seventh day of October, 1966. It was neither signed nor transmitted to the circuit court clerk “at once,” as required by section 1195, supra, nor was it signed or filed before the next succeeding term which began on the first Monday of November, 1966. In fact, it was not filed until December 2, 1966, after process had been served upon the city in the suit for mandamus.
*880 Under the peculiar facts of this case, the failure of the city authorities for some sixty days to sign or file the bill of exceptions as required by section 1195, supra, resulted in an unreasonable and unwarranted delay in the issuance of the building permit to which appellees were entitled as a matter of right. It effectively deprived them of a plain, adequate and speedy remedy in the ordinary course of law. The issuance of the permit was purely ministerial and did not involve the exercise of discretion on the part of the City Council, since all of the requirements of existing building codes and zoning ordinances had been met.
While the case at bar differs factually in some respects from Berry v. Embrey, 238 Miss. 819, 120 So.2d 165 (1960), the following observations of this Court in that case apply here:
Since appellee’s property has not been zoned by the city, and the proposed construction complies with the building codes, the mayor and board of commissioners were acting arbitrarily and in excess of their powers in denying the building permit. In such instances, the aggrieved property owner can obtain a writ of mandamus. 238 Miss. at 824, 120 So. 2d at 168.
In Board of Supervisors of Prentiss County v. Mississippi State Highway Commission, 207 Miss. 839, 42 So.2d 802 (1949), this Court enumerated the conditions under which the writ of mandamus may issue:
The writ of mandamus is a discretionary writ and even in a case where an absolute legal right is shown, the writ will be withheld whenever the public interest would be adversely affected.
Before a writ of mandamus may issue three essentials must coexist: (1) A clear right in petitioner to the relief sought. * * * (2) The existence of a legal duty on the part of the defendant to do the thing which the petitioner seeks to compel. * * * (3) There must be an absence of another adequate remedy at law. * * * 207 Miss, at 847-848, 42 So.2d at 805.
In Powell v. State Tax Commission, 233 Miss. 185, 101 So.2d 350 (1958), the Court further stated:
This Court has always been, and is now, deeply concerned that every person, claiming a legal right, shall have an opportunity to be heard and have his day in court. * * * 233 Miss. at 191-192, 101 So.2d at 353.
In the present case, we have concluded that the three essentials referred to in the above quotation did coexist, fully justifying the issuance of the writ of mandamus by the circuit court, and that the judgment appealed from should be affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY, and PATTERSON, JJ., concur.