724 So.2d 925 (1998)
Wallace VAN METER, Jr., Appellant,
v.
CITY OF GREENWOOD, Appellee.
No. 97-CA-01146 COA.
Court of Appeals of Mississippi.
November 24, 1998.
*926 Leland H. Jones, III, Greenwood, Attorney for Appellant.
Whitman D. Mounger, Greenwood, Attorney for Appellee.
BEFORE BRIDGES, C.J., HINKEBEIN, AND KING, JJ.
HINKEBEIN, J., for the Court:
¶ 1. This appeal originates from the August 6, 1996 judgment of the Greenwood City Council that four property lots and structures owned by Wallace Van Meter, Jr. (Van Meter) were menaces to the public health and safety, pursuant to Miss.Code Ann. § 21-19-11 (Rev.1990 & Supp.1998). The resolution called for Van Meter to remove the dilapidated buildings and clean the lots within ten days, and failing that, the City would perform the services and impose costs and penalties as liens against the properties. Van Meter appealed the decision of the city council to the Circuit Court of Leflore County pursuant to Miss.Code Ann. § 11-51-75 (1972). A hearing was held February 25, 1997 and in a June 5, 1997 order, the circuit court affirmed the decision of the city council as to three of the properties, # 15, # 18, and # 1 Stroud's Alley, and took the question of the fourth property, 612 Avenue "J", under advisement. In a subsequent order filed August 12, 1997, the circuit court affirmed the city council's decision as to the property at 612 Avenue "J". The August 12, 1997 decision is not included in Van Meter's appeal and thus is not properly before this Court. Aggrieved by the June 5, 1997 ruling of the circuit court, Van Meter asserts the following assignment of error:

I. WHETHER THE CIRCUIT COURT'S DECISION AFFIRMING THE GREENWOOD CITY COUNCIL'S RESOLUTION ADJUDGING PROPERTY TO BE A MENACE TO PUBLIC HEALTH AND SAFETY WAS PROPER.
¶ 2. Holding this assignment of error to be without merit, we affirm the judgment of the circuit court.

FACTS
¶ 3. According to the record, Van Meter is the owner of a number of rental homes in the City of Greenwood, Mississippi. In July of 1996, Van Meter received notice from the City that his properties at 612 Avenue "J" and # 15, # 18 and # 1 Stroud's Alley were in such a state of uncleanliness as to be a menace to the public health and safety of the community. The properties in question were apparently unoccupied and dilapidated and subject to vandalism, broken windows, and gang graffiti. At the subsequent hearing on August 6, 1996, all members of the council adjudged the four properties to be menaces to the public health and safety. The resolution gave Van Meter ten days to demolish the dilapidated buildings or they would be removed by the City and the costs charged as liens against the properties. The record states that Van Meter was in the process of trying to renovate at least one of the houses prior to the hearing. Van Meter appealed the council's decision to the Circuit Court of Leflore County, and in keeping with the requirements of Miss.Code Ann. § 11-51-75 (1972), he filed a bill of exceptions which Council President Arance Williamson (Williamson) refused to sign. The point of contention *927 was apparently Van Meter's claim that Williamson bore him personal animosity which in some way influenced the city council's decision. The City of Greenwood's objection to this issue being included in the bill of exceptions was that Van Meter never raised the issue at the city council hearing or asked Williamson to recuse herself. Despite numerous references, the record does not include a copy of the purported bill of exceptions that references the alleged animosity. Van Meter submitted another bill of exceptions on September 12, 1996, which Williamson acknowledged receipt of, but did not sign. On January 10, 1997, the parties eventually agreed to and signed a third version of the bill of exceptions that made no mention of the alleged animosity of the council president toward Van Meter. This bill of exceptions included testimony of the City's code inspector in regard to the condition and danger of the structures as well as Van Meter's statements regarding his efforts at rehabilitating the properties. This bill of exceptions was the one considered by the Circuit Court, of Leflore County.
¶ 4. During the February 25, 1997 hearing before the circuit court, Van Meter again raised the issue of the alleged animosity on the part of the council president. Counsel representing the City of Greenwood argued that since the allegation was not contained in the bill of exceptions, the circuit court was precluded from addressing the issue by the dictates of Miss.Code Ann. § 11-51-75 (1972). The record reflects the circuit court judge had concerns about the legal propriety of addressing the "animosity issue" and scheduled a hearing for one week later where the parties would apparently present authority as to the particular issue. The record does not contain a transcript of any such hearing, although in a letter from the City's counsel to the judge, there is a bare mention of a May 19, 1997 hearing. The letter alludes to rulings made by the judge but offers no specifics. Van Meter makes no mention of the May 19, 1997 hearing or whether he submitted the requested authority to the circuit judge. The record shows that on June 5, 1997, the circuit court affirmed the city council's decision as to the Stroud's Alley properties. On August 12, 1997, the circuit court affirmed the city council's decision as to the Avenue "J" property. Neither order makes reference to the issue of the alleged animosity of Williamson towards Van Meter but notes that the court considered the agreed bill of exceptions signed by both parties. The record does not reflect whether the buildings on Van Meter's properties were demolished or are still standing.

DISCUSSION

I. WHETHER THE CIRCUIT COURT'S DECISION AFFIRMING THE GREENWOOD CITY COUNCIL'S RESOLUTION ADJUDGING PROPERTY TO BE A MENACE TO PUBLIC HEALTH AND SAFETY WAS PROPER.
¶ 5. The essence of Van Meter's argument is that the circuit court never properly addressed the issue of alleged animosity and bias on the part of the council president and failed to address other issues actually contained within the bill of exceptions. The City of Greenwood counters that the issue of the alleged animosity was never properly before the circuit court since it was not in the agreed upon bill of exceptions. The City further argues that the circuit judge's June 5, 1997 order clearly states that it was based upon a consideration of both the agreed upon bill of exceptions and the earlier proposed bill of exceptions. We agree with the City of Greenwood.
¶ 6. The standard of review for this case is the same standard which applies in appeals from decisions of administrative agencies and boards. Barnes v. Board, of Supervisors, DeSoto County, 553 So.2d 508, 511 (Miss. 1989). "The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party." Board of Law Enforcement v. Butler, 672 So.2d 1196, 1199 (Miss.1996). Substantial evidence has been defined as "such relevant evidence as reasonable minds might accept as adequate to support a conclusion" or to put it simply, more *928 than a "mere scintilla" of evidence. Johnson v. Ferguson, 435 So.2d 1191, 1195 (Miss. 1983).
¶ 7. In an appeal from the decision of a municipal authority, Miss.Code Ann. § 11-51-75 (1972) states that the person aggrieved may "embody the facts, judgment and decision in a bill of exceptions" which will be transmitted to the circuit court acting as an appellate court. Miss.Code Ann. § 11-51-75 (1972). The bill of exceptions serves as the record on appeal, and the Mississippi Supreme Court has held that "[t]he circuit court can only consider the case as made by the bill of exceptions. This is the only record before the circuit court, as an appellate court." Stewart v. City of Pascagoula, 206 So.2d 325, 328 (Miss.1968).
¶ 8. While the circuit court judge in the case sub judice may have sought additional authority as to his ability to review the issue of the alleged animosity and bias against Van Meter, the scope of his review was properly confined to the agreed upon bill of exceptions. "The authority and jurisdiction of the circuit court are thus limited and circumscribed by statute. As an appellate court, it considers the case as presented by the bill of exceptions. It cannot go outside the record as made in the bill of exceptions." Id. at 326. By signing the agreed upon bill of exceptions, Van Meter was essentially waiving the issue of alleged animosity and bias and agreeing that it would not be considered upon appeal. The circuit judge's June 5, 1997 order clearly states that it was based upon the facts presented in the bill of exceptions as well as the arguments of council, and as such demonstrates the circuit court judge addressed the issues stated. The statements of the City's code inspector regarding the condition of the structures were adequate to support the conclusion that the properties posed a menace to the public health and safety of the community. Since the decision of the circuit court was supported by substantial evidence, we find no merit to this assignment of error.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST THE APPELLANT.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.