860 So.2d 833 (2003)
Norman B. GILLIS, Jr., Appellant,
v.
CITY OF McCOMB and Sami Shariff, Appellees.
No. 2002-CP-01289-COA.
Court of Appeals of Mississippi.
December 2, 2003.
*835 Norman B. Gillis, Jr., appellant, pro se.
Sami Shariff, appellee, pro se.
Before McMILLIN, P.J., THOMAS and IRVING, JJ.
IRVING, J., for the Court.
¶ 1. Norman Gillis appeals, pro se, from an adverse judgment of the Circuit Court of Pike County which upheld the decision of the Board of Mayor and Selectmen of the City of McComb (Board) to rezone a one acre lot owned by Sami Shariff from residential to commercial. The appellate issue presented by Gillis, although framed differently, is whether the Board's decision to rezone the tract in question was arbitrary and capricious and whether the circuit court erred in upholding the decision of the Board.
¶ 2. Ascertaining no error, we affirm.

FACTS
¶ 3. The one acre tract of land, which was rezoned, was at one time owned by Gillis who, according to Gillis, sold it to Shariff pursuant to Shariff's representation that he wanted the land to construct a residence for himself and family. The tract is located adjacent to two residential apartment complexes, known as Timber Ridge I and II, which are owned by Gillis, and behind, or north of, the Holiday Inn. Almost immediately after the purchase, Shariff cleared the tract of all vegetation filed a petition with the City of McComb for a change in the zoning of the property from R-PL planned residential to C-2 highway commercial. The matter was referred to the McComb Planning Commission (Commission) which conducted a public hearing. After the hearing, the Commission recommended the requested change in the zoning classification of the tract. Pursuant to the Commission's recommendation, the Board subsequently held a hearing and passed an ordinance amending its land use regulation ordinance to change the zoning designation of the tract to C-2.
¶ 4. Gillis appealed the Board's action to the Circuit Court of Pike County which affirmed the Board's rezoning decision.

DISCUSSION AND ANALYSIS OF THE ISSUE
¶ 5. Judicial review of zoning matters is limited. It is well-settled law that before a zoning board may reclassify property from one zone to another there must be proof that either (1) there was a mistake in the original zoning, or (2) that the character of the neighborhood has changed to such an extent as to justify reclassification, and there was a public need for rezoning. City of Madison v. Shanks, 793 So.2d 576, 578(¶ 7) (Miss. 2000). The burden of proof to support the rezoning is upon the applicant, and both propositions must be proven by clear and convincing evidence. Id. The decision of a local governing board is presumed valid, and the burden is upon the person seeking to set it aside to show that it was arbitrary, capricious and unreasonable. Briarwood, Inc. v. City of Clarksdale, 766 So.2d 73, 80(¶ 25) (Miss.Ct.App.2000).
¶ 6. The zoning decision of a local governing body which appears to be "fairly debatable" will not be disturbed on appeal, and will be set aside only if it clearly appears that the decision is arbitrary, capricious, discriminatory, illegal, or is not supported by substantial evidence. City of Madison, 793 So.2d at 578(¶ 8). "Fairly *836 debatable is the antithesis of arbitrary and capricious. If a decision is one which can be considered fairly debatable, then it cannot be considered arbitrary or capricious." Id.
¶ 7. According to Gillis, the Board failed to make any findings concerning any of the prerequisites for changing zoning designations. Therefore, Gillis proclaims that the absence of such findings renders the Board's rezoning order unreasonable, arbitrary, capricious, and void.
¶ 8. An act is arbitrary if it is done not according to reason or judgment, but solely upon the will alone. Briarwood, Inc., 766 So.2d at 80(¶ 26). An act is capricious if it is "done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles." Id.
¶ 9. We first address Gillis's contention that the failure of the Board to make findings of fact renders its decision arbitrary and capricious. In Board of Aldermen v. Conerly, 509 So.2d 877, 884 (Miss. 1987), the Mississippi Supreme Court opined:
When we have before us an appeal from an action by a governing board rezoning property, unless the record contains specific findings by such board that one or both of these two criteria have been met, and in addition thereto sufficient evidence to support such finding, we will inevitably conclude that the governing board acted arbitrarily, unreasonably and capriciously.
¶ 10. The supreme court later relaxed the rule somewhat, explaining that "while recognizing the desirability of specific findings by the zoning authority on each considered issue, we will not reverse for a lack of such specificity where a factual basis for the action is disclosed." Faircloth v. Lyles, 592 So.2d 941, 945 (Miss.1991).
¶ 11. We now look at the evidence adduced at the hearing before the Board. First, all parties agreed that no mistake was made in the initial zoning decision. The focus of the testimony and documentation adduced at the hearing was whether the character of the neighborhood had changed and whether there existed a public need for the rezoning.
¶ 12. Testimony of the Board's witness, Walter Temple, director of inspection and zoning for the City of McComb, clearly and convincingly established the appropriateness of the Board's decision to rezone the subject property. Based upon his experience in his position, Temple testified that he did not foresee any detrimental result to Timber Ridge I and II occurring from the commercial zoning of the Shariff property. His testimony revealed that there had been commercial expansion along Delaware Avenue, where the rezoned tract is located, since the adoption of the 1987 ordinance. He agreed that the character of the neighborhood in which Mr. Shariff's property lies had undergone somewhat substantial change since 1987. Temple verified that the subject one acre lot had absolutely no use for residential development, and he did not foresee anyone building a home on the site. He further testified that the property had no access except by virtue of a retained easement from Delaware Avenue across the Holiday Inn property onto the subject property. He finally discussed the City's sincere interest and active participation in seeking a commitment from Cracker Barrel to construct a restaurant on the said site.
¶ 13. There were others who gave testimony contrary to that given by Temple. However, that fact does not make the Board's decision to rezone arbitrary and capricious. Such conflicting testimony only means that the issue was fairly *837 debatable. The public's need to have the property rezoned is considered to be "fairly debatable" where the development of the subject property "is potentially of great benefit to the public entity, and there is little indication that the best interests of the public entity would be served by the continued undeveloped status of the property." Old Canton Hills Homeowners Ass'n v. Mayor and City Council of City of Jackson, 749 So.2d 54, 63(¶ 26) (Miss.1999).
¶ 14. Here, we find, as did the circuit judge, a sufficient factual basis for the Board's actions to warrant the conclusion that the decision of the Board was fairly debatable and not arbitrary, capricious, discriminatory, or beyond the legal authority of the Board. Gillis has not shown otherwise. Therefore, we affirm the decision of the circuit court.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. SOUTHWICK, P.J., NOT PARTICIPATING.