ISHEE, J.,
for the Court.
¶ 1. The Circuit Court of Madison County affirmed the decision of the Board of Supervisors of Madison County (Board) to rezone thirty acres of 16th section land from agricultural use to special use, at the request of the Canton Public School District (School District), for the purpose of constructing a new elementary school. Aggrieved by the circuit court’s decision, W. McDonald Nichols, Edward C. Nichols, Christopher S. Purser, Robert W. Riddell, Joe B. Hardy, Willie May Hardy, Paul W. Hopping, Nancy W. Hopping, Cybil Lynch, Doug Warren, John Axtel, Jimmy Lynch, Richard Lynch, W.S. Patrick, John S. McIntyre, III, David Jerome, Sydney F. Jones, Frazier Riddell, Charles S. Riddell, Sr. Charles S. Riddell, Jr., Diana Watts, Susan Butler Riddell, Dorothy Stokes Rid-dell, Mark S. Derby, James R. Queen, Mildred W. Queen, Billy W. Queen, Linda S. Queen, Robert E. Donnelly, Mary Q. Donnelly, Robert L. Moore, Stacy Land, Thomas Moore, Jeffrey P. Jones, Beverly Peterson, Mary Jane Boutwell, Bandie So-well, Lilla Vanrole, Leo Barra, Wayman Sowell, Jerry Sowell, and Douglas Upon (collectively referred to as “Objectors”) appeal. The Objectors present the following issues for this Court’s review:
I. Whether the action of the Board was a rezoning or the grant of a special conditional use.
II. Whether Mississippi’s modified Maryland Doctrine applies to the rezoning of 16th section lands.
III. Whether the action of the Board amounted to illegal spot zoning.
IV.Whether there was substantial evidence to support a finding that a change in the character of the neighborhood had occurred.
Finding no error, we affirm the judgment of the circuit court.
FACTS
¶ 2. Seeking to build a new elementary school, the School District petitioned the Board to amend the Madison County zoning ordinance, the comprehensive zoning plan, and the use district map by rezoning and reclassifying thirty acres of land located in the east one-half of the east one-half of Section 16, Township 9 North, Range 2 East, in Madison County, Mississippi. The School District also asserted that it would be in the interest of public safety, health, morals, and well-being for the subject property to be rezoned from an A-l agricultural district to an SU-1 special use district, and more particularly an educational institutions district, as provided by Madison County, Mississippi, Zoning Ordinance § 402.11-1 and § 402.11-2. Proper notice was given, and on March 12, 2004, the Board held a public hearing on the matter.
¶ 3. Following the hearing, the Board granted the School District’s petition and adopted an ordinance amending the Madison County Zoning Ordinance. In adopting the ordinance, the Board made the following findings of fact:
Supervisor Paul Griffin did speak in support of the Petition, urging that it was appropriate to avoid stacking district schools on top of one another, and
... Board Attorney Edmund L. Brun-ini, Jr. did inquire as to the nature of the request of the school district, ie. that no true re-zoning was being sought, just merely a special use for a school to be erected in an A-l zone, to which Mr.
*1130 Mills (the attorney for the Objectors) conceded, and
... Mr. Brunini did inquire as to Mr. Mills’ awareness of any requirement that the substantial change test must be met in the circumstances of a special use request in 16th section lands used for school construction, and
... Mr. Mills could offer no such authority, and
... Supervisor Karl M. Banks did enumerate many and various developments in the area of the west side of the interstate in proximity, both residential and commercial, and that these developments are indicative of the change in circumstances.
¶ 4. After making its findings of fact, the Board rezoned the property from its previous A-l agricultural use district classification to SU-1 special use district classification.
¶ 5. On March 24, 2004, the Objectors, who are landowners in the neighborhood of the property, filed a bill of exceptions asserting that the decision of the Board to rezone the property was invalid, unreasonable, not supported by substantial evidence, and arbitrary and capricious. On May 27, 2005, the circuit court affirmed the Board’s decision finding that it was supported by substantial evidence, and that it was not arbitrary or capricious, beyond the scope of the Board’s powers, or in violation of the constitutional or statutory rights of the Objectors. Aggrieved, the Objectors appeal.
STANDARD OF REVIEW
¶ 6. “The standard of review of an order of a Board of Supervisors is the same standard which applies in appeals from the decisions of administrative agencies.” A & F Props., LLC v. Madison County Bd. of Supervisors, 933 So.2d 296, 299-300(¶ 6) (Miss.2006) (citing Ladner v. Harrison County Bd. of Supervisors, 793 So.2d 637, 638(¶ 6) (Miss.2001)). “The decision of the Board will not be disturbed unless its order ‘was unsupported by substantial evidence; was arbitrary or capricious; was beyond the [Board’s] scope or powers; or violated the constitutional or statutory rights of the aggrieved party.’ ” Id. Regarding questions of law, however, this Court will conduct a de novo review of the Board’s decision. Id. (citing Harrah’s Vicksburg Corp. v. Pennebaker, 812 So.2d 163,170(¶ 28) (Miss.2001)).
ISSUES AND ANALYSIS
I. Whether the action of the Board was a rezoning or the grant of a special conditional use.
¶ 7. The Objectors assert that, even though the Board’s findings inferred that “no true re-zoning was being sought,” the Board’s decision constituted a rezoning of the property, rather than a grant of a conditional use, or special exception. We disagree.
¶ 8. In order to obtain a special exception, the applicants must “prove by a preponderance of the evidence that they have met the elements/factors essential to obtaining the conditional use permit.” Barnes v. Board of Supervisors, 553 So.2d 508, 510 (Miss.1989). In order to obtain rezoning, on the other hand, the applicants must prove that either: (1) there was a mistake in the original zoning, or (2) that the character of the neighborhood has changed to such an extent as to justify reclassification, and there was a public need for rezoning. Gillis v. City of McComb, 860 So.2d 833, 835(¶ 5) (Miss.Ct. App.2003) (citing City of Madison v. Shanks, 793 So.2d 576, 578(¶7) (Miss.2000)).
*1131 ¶9. At the time of the hearing, the Madison County Zoning Ordinance, section 402.11-1, provided that a special use district is created “in order to permit certain uses which, because of their size, institutional nature, transportation function or other unique characteristics, are incompatible with the established zoning districts of the County.” The ordinance further provided that an educational institutions district was a type of special use district. The Madison County Zoning Ordinance article II, section 201, also defines a conditional use as:
A land use which would not generally be appropriate in a particular zoning district, but which, with certain restrictions or conditions, would in the judgment of the Board of Supervisors promote the public health, safety, morals, or general welfare of the County and would not adversely affect adjacent properties. A permit (building permit or change of use permit) granted by the Board of Supervisors for the initiation of a conditional use (with the necessary restrictions included) will not change the zoning of the property involved and will allow such use to continue as long as the specific use granted by the conditional use remains the same. Also referred to as a Special Exception.
¶ 10. In the School District’s petition, although the School District requested that the property be “rezoned,” the School District also asserted that an amendment to the Madison County Zoning Ordinance, the comprehensive zoning plan, and the use district map would be in the interest of public safety, health, morals, and well-being. The School District specifically requested that the special use be designated as educational.
¶ 11. We find that in granting the School District’s petition, the Board merely granted a conditional use, or special exception, as defined by the Madison County Zoning Ordinance. Furthermore, once the elements necessary to grant a special exception have been met, the Board’s decision is binding on this Court if supported by substantial evidence. Wilkinson County Bd. of Supervisors v. Quality Farms, Inc., 767 So.2d 1007, 1010(¶ 9) (Miss.2000). We find that substantial evidence exists to support the Board’s decision. Therefore, this issue is without merit.
II. Whether Mississippi’s modified Maryland Doctrine applies to the rezoning of 16th section lands.
III. Whether the action of the Board amounted to illegal spot zoning.
IV. Whether there was substantial evidence to support a finding that a change in the character of the neighborhood had occurred.
¶ 12. Because we find that the Board’s adoption of the new ordinance amounted to the grant of an exception, rather than a rezoning, we need not address the remaining issues, as they involve rezoning matters, which are now moot. Therefore, we find that the remaining issues are without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, AND ROBERTS, JJ„ CONCUR.