999 So.2d 438 (2009)
VINEYARD INVESTMENTS, LLC d/b/a The Wine Peddler, Appellant
v.
The CITY OF MADISON, Appellee.
No. 2008-CA-00325-COA.
Court of Appeals of Mississippi.
January 20, 2009.
*439 William P. Featherston, Ridgeland, attorney for appellant.
John Hedglin, Madison, attorney for appellee.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
BARNES, J., for the Court.
¶ 1. This case comes on appeal from a judgment of the Circuit Court of Madison County, affirming the City of Madison's denial of a building permit to Vineyard Investments, LLC. Finding error, we reverse and remand this case to the circuit court for entry of an order granting the appropriate building permit.

FACTS
¶ 2. On or around August 29, 2007, Vineyard submitted an application for a building permit to the City of Madison, Mississippi for the purpose of improving leased premises located at 111 Colony Crossing, Suite 540, Madison, Mississippi. The purpose of the building was to open and operate a package retail wine and spirits store known as "The Wine Peddler." At the time the building permit application was submitted, Vineyard was in compliance with all building codes and zoning ordinances in effect. The City of Madison denied the request, and Vineyard requested the matter to be placed on the October 2, 2007, agenda for a meeting of the Mayor and Board of Aldermen of Madison. Agents of Vineyard appeared at the meeting regarding the issuance of the building permit, and the board members took the matter under advisement. Also present were members of the Colony Crossing Merchants Association, who objected to the issuance of the permit on the grounds that the nature of the business was detrimental to the "family" clientele they wanted to attract. It was also noted that there was already one liquor store in the shopping center.
¶ 3. On November 20, 2007, the Mayor and Board of Aldermen unanimously denied the application for the building permit. The City of Madison stated to this Court at oral argument that the reason for the denial was that, since Vineyard did not currently possess a permit from the Office of Alcoholic Beverage Control, a division of *440 the Mississippi State Tax Commission, to operate a package retail store, the proposed use of the building was unlawful. The City of Madison had been advised by Vineyard prior to the denial of the permit that a hearing before the State Tax Commission for the package retail permit was scheduled for December 4, 2007.[1]
¶ 4. Vineyard submitted a bill of exceptions on November 27, 2007, pursuant to the requirements of Mississippi Code Annotated section 11-51-75 (Rev.2002). The City of Madison filed its corrected bill of exceptions on December 11, 2007, and attached were the following exhibits: (1) a copy of the building permit application, (2) attested copies of the minutes from the City of Madison's meetings which pertained to Vineyard's application, and (3) correspondence to the City of Madison from the Colony Crossing Merchants Association. Both parties submitted briefs to the circuit court which affirmed the City of Madison's denial of the building permit, stating that the City's decision (1) was supported by substantial evidence, (2) was not arbitrary or capricious, (3) was within the City of Madison's scope of powers, and (4) did not violate the constitutional or statutory rights of Vineyard.
¶ 5. Finding that the circuit court erred, we reverse and remand the case to the circuit court for issuance of the appropriate building permit.
Whether the circuit court erred in affirming the denial of the building permit by the City of Madison.
¶ 6. For appeals perfected under Mississippi Code Annotated section 11-51-75, we "proceed with a restricted scope of judicial review." Mathis v. City of Greenville, 724 So.2d 1109, 1111(¶ 6) (Miss.Ct. App.1998). Our review is limited to the bill of exceptions as required under 11-51-75 which "serves as the record on appeal[.]" Van Meter v. City of Greenwood, 724 So.2d 925, 928(¶ 7) (Miss.Ct.App.1998). "[T]he Mississippi Supreme Court has held that `the circuit court can only consider the case as made by the bill of exceptions. This is the only record before the circuit court, as an appellate court.'" Id. (quoting Stewart v. City of Pascagoula, 206 So.2d 325, 328 (Miss.1968)). "The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party." Van Meter, 724 So.2d at 927(¶ 6) (quoting Bd. of Law Enforcement Officers Standards & Training v. Butler, 672 So.2d 1196, 1199 (Miss.1996)).
¶ 7. The Mississippi Supreme Court, in Berry v. Embrey, 238 Miss. 819, 824, 120 So.2d 165, 167 (1960), recognized that "building and zoning regulations are distinct from each other"[2] and concluded that a building permit for a shopping center, which conformed to building regulations, could not be denied because of a proposed use where the area is not zoned against such use. Further, in Thompson v. Mayfield, 204 So.2d 878, 880 (Miss. 1967), the supreme court ruled that the issuance of a building permit is a "purely ministerial" function; therefore, a city *441 does not have the discretion to deny a building permit in instances where all applicable building code requirements and zoning ordinances are met by the applicant. In the instant case, the building leased by Vineyard was zoned for a commercial business, a category which would include a package retail store. Accordingly, based on the holdings in these decisions, the City of Madison did not have the discretion to deny the building permit.
¶ 8. The City of Madison argues that its denial of the building permit was warranted due to the fact that Vineyard did not possess a package retailer's permit at any point prior to the denial; therefore, the denial was proper as the specific, proposed use-as a package store-would have been illegal under Mississippi Code Annotated section 17-1-19 (Rev.2003) which states:
Remedies of local governing authorities:
In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted or maintained, or any building, structure, or land, is used in violation of the zoning law or of any ordinance or other regulation made under authority conferred hereby, the proper local authorities of any county or municipality, in addition to other remedies, may institute any appropriate action or proceedings, to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use, to restrain, correct, or abate such violation, to prevent the occupancy of said building, structure or land, or to prevent any illegal act, conduct, business, or use in or about such premises.

(Emphasis added). Accordingly, the City of Madison contends that it had the discretion to deny the permit based on what it perceived to be a speculative, unlawful use of the property.
¶ 9. We find the City of Madison's reasoning flawed. The use of the building as a "wine and spirits" store was not unlawful; consequently, Mississippi Code Annotated section 17-1-19 would not apply. The City of Madison admitted at oral argument before this Court that no zoning prohibitions were in effect at the time of the denial of the permit. We agree that had Vineyard attempted to sell liquor from that location without the package retailer's permit, an illegal act would have occurred. However, Vineyard gave no indication that it anticipated committing such an illegal act.[3] Nor would it have been likely that Vineyard could have committed such an act, as alcohol sold in a package retail store must be purchased directly from the State Tax Commission. See Miss.Code Ann. § 67-1-41 (Supp.2008).
¶ 10. Although no Mississippi case law has directly dealt with the denial of a building permit based on the speculative unlawful use of the property, other jurisdictions have found that the denial of a building permit cannot be based on an alleged improper use of the property; the improper use must be attempted. See, e.g., Mitchell v. Barfield, 232 N.C. 325, 59 S.E.2d 810, 811 (1950) (applicant's right "to erect the building for which the permit is sought is otherwise absolute" and any allegation of intended improper use must "await determination in proper proceedings after such use is attempted to be made of the building"); see Coyne v. *442 Prichard, 272 Pa. 424, 116 A. 315, 316 (1922) (an applicant's alleged intent to put a building to an improper use is no grounds for the denial of a building permit as the legality of the use has to be determined in proper proceedings after such improper use is attempted). Thus, we are unable to find a legally valid reason for the City of Madison's denial of the building permit application submitted by Vineyard. Additionally, based on the rulings set forth by the Mississippi Supreme Court, we find that the City of Madison did not have the discretion to deny said building permit as Vineyard had complied with all building codes and zoning ordinances.
¶ 11. Based on the foregoing reasons and pursuant to Mississippi Code Annotated section 11-51-75,[4] we must reverse and remand to the circuit court for entry of an order granting the appropriate building permit.
¶ 12. As we have found this issue to be case-dispositive, Vineyard's remaining issues, that the denial of the permit was an attempt to regulate an activity which is preempted by state law and was a violation of Vineyard's constitutional right to use its property, are rendered moot.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Vineyard was approved for its package retail permit on December 18, 2007.
[2] The supreme court went on to state:

In short, a building code has particular reference to the construction, maintenance and repair of buildings within a municipality. Zoning may restrict the methods of construction and repair of buildings, but a zoning ordinance must be in accordance with a "comprehensive plan" pertaining to the use of land within a municipality.
Berry, 238 Miss. at 824, 120 So.2d at 168 (emphasis added).
[3] When questioned by this Court at oral argument about whether Vineyard had conveyed to the City of Madison any intention of selling alcohol prior to obtaining its permit, counsel for the City of Madison admitted, "I don't think that issue ever came up." Therefore, we fail to see what "illegal act, conduct, business or use" the City of Madison was trying to prevent.
[4] Mississippi Code Annotated section 11-51-75 states in part:

If the judgment be reversed, the circuit court shall render such judgment as the board or municipal authorities ought to have rendered, and certify the same to the board of supervisors or municipal authorities.