# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 2, 2011

No. 10-60968

Lyle W. Cayce
Clerk

VINEYARD INVESTMENTS, L.L.C.,

Plaintiff-Appellant

v.

THE CITY OF MADISON, MISSISSIPPI,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-354

Before REAVLEY, GARZA, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Appellant Vineyard Investments, LLC appeals the district court's entry of judgment in favor of Appellee City of Madison, Mississippi, on Vineyard's claims pursuant to 42 U.S.C. § 1983 that Madison's refusal to grant Vineyard a building permit violated Vineyard's federal constitutional rights to substantive due process, equal protection of the law, and freedom from tortious interference with contract. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60968

**I.**

Vineyard entered into a lease for property in a shopping center in Madison with the intention of opening a package retail wine and spirits store and applied for a building permit for improvements to the rental property. Existing tenants of the shopping center met with Madison's Mayor to express their concerns about the over-concentration of wine and spirits stores if a second package retail wine and spirits store were to be located in the same center, and the proximity of the store to two businesses whose clientele consisted mainly of families with children. In response, the Mayor froze Vineyard's building permit to allow her and the City's Board of Aldermen a chance to examine all of the issues raised by having a second liquor store in the same shopping center. Additionally, the Board of Aldermen issued a resolution opposing Vineyard's application for a liquor permit because (1) granting Vineyard a permit would not be in the best interest of the City; (2) a concentration of package wine and spirit retailers was not desirable for the welfare of the City; and (3) the use of the property for a package wine and spirits retailer was not consistent with the overall land use goals and planning for the community.

Around the same time, Vineyard requested that its building permit application be placed on the agenda of the regular meeting of the Board of Aldermen and the Mayor. At the meeting, an association of merchants voiced their opposition to Vineyard's building permit because having two liquor stores in the same center, especially with Vineyard's proposed location being close to a children's craft store and children's learning center, was detrimental to the "family" clientele the merchants wanted to attract. The Board voted unanimously to deny Vineyard's building permit until after the state had determined whether to issue a liquor license for Vineyard. Vineyard timely sought review of the decision in the Madison County Circuit Court pursuant to a bill of exceptions provided for under Mississippi law.

2

No. 10-60968

Before the Circuit Court ruled on Vineyard's exceptions to the denial of the building permit, the state conducted a hearing on the liquor license. The Mayor testified at the hearing and opposed the liquor license for the same reasons the City outlined in its resolution. She argued that having two liquor stores in the same shopping center could cause economic hardship to the community because one store could drive the other store out of business, creating a vacancy and giving the impression of poor economic health. The association of merchants also opposed the issuance of a liquor license for Vineyard, citing the same reasons they gave before the meeting of the Board of Alderman—saturation of the market and proximity to businesses serving mainly families with children. Despite the testimony of the Mayor and the association, the state issued Vineyard a liquor license. The record is unclear on whether Vineyard renewed its application for a building permit at this point. In any event, no building permit was issued.

The Madison County Circuit Court upheld the City's denial of a building permit. But the Mississippi Court of Appeals reversed the lower court and held that state law did not grant the City the discretion to deny the building permit, except for specific grounds not present in this case. *Vineyard Invs., LLC v. City of Madison*, 999 So. 2d 438, 441–42 (Miss. Ct. App. 2009). The Court of Appeals expressly did not reach the constitutional questions raised by Vineyard. *Id.* However, the Court's ruling was a pyrrhic victory for Vineyard, which was unable to procure another lease with the owner to replace the lease that had lapsed during the permitting process.

Vineyard filed the instant suit pursuant to 42 U.S.C. § 1983, alleging that the City's actions had violated Vineyard's rights to substantive due process, equal protection of the law, and freedom from tortious interference with business relations. The parties filed cross-motions for summary judgment. The district court, in a well-reasoned opinion, granted summary judgment for the City and

No. 10-60968

denied Vineyard's motion for summary judgment. Judgment was entered for the City. Vineyard timely filed its appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

"We review a district court's grant of summary judgment *de novo* and apply the same standards as the district court." *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 124 (5th Cir. 2011). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Vineyard first argues that the district court improperly granted summary judgment on its substantive due process claim because the district court imputed the City's stated reasons for opposing Vineyard's *liquor license* to the City's denial of Vineyard's *building permit*. In opposing Vineyard's liquor license, the City argued that opening two retail package wine and spirits stores in the same shopping center was not in the best interest of the City, and that the store would be in close proximity to businesses mainly patronized by families with children. The district court used these reasons in its rational basis review of the denial of the building permit. Vineyard contends that the district court should not have used those reasons because the only reason the City stated for denying the building permit was that Vineyard did not yet have a liquor license. Since the Mississippi Court of Appeals found that the City could not, based on Mississippi law, deny the building permit for that reason, Vineyard argues that reason is arbitrary and capricious per se and, thus, the City's denial of the building permit cannot survive rational basis review. This argument is unpersuasive.

First, the summary judgment record before the district court contained the deposition testimony of the Mayor, who did not draw the artificial line Vineyard suggests between the reasons for the denial of the building permit and the opposition to the liquor license. The district court quite rightly interpreted the

No. 10-60968

record to demonstrate that the denial of the building permit was merely one mechanism through which the City opposed the presence of the second liquor store for all of the articulated reasons. And second, the Court of Appeals' holding that the City could not, pursuant to state law, deny the building permit because Vineyard lacked a liquor license does not automatically characterize the City's action as arbitrary and capricious. We have explained that the United States Constitution does not require that a local government interpret its own law correctly because "[t]he power to decide, to be wrong as well as right on contestable issues, is both privilege and curse of democracy." *FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996) (internal quotation omitted). Instead, we require that a local government's action be "rationally related to a legitimate government interest." *Id.* Which brings us to Vineyard's second substantive due process argument—that even assuming *arguendo* that the district court correctly identified the City's reasons for denying the building permit, those reasons do not satisfy rational basis review.

Assuming without deciding that Vineyard had a property interest in the building permit and that the City's building permit determination is considered adjudicative for the purposes of the standard of review, the City's action was rationally related to a legitimate government interest. When reviewing an adjudicative action, we look to the record to determine the *actual motivation* for the conduct. *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 934 (5th Cir. 1988). The record is clear that the City was concerned with the effect of having a second liquor store in the same shopping center. The City reiterated this concern throughout the process and subsequently passed an ordinance amending the zoning order to restrict liquor stores. Having identified the City's actual interest in denying the permit, we proceed to apply traditional rational basis review to the action.

No. 10-60968

First, we determine whether the City's interest—the deleterious effects of having a second liquor store in the same shopping center—is considered a legitimate government interest.  It is.  Although the outer limits of a municipality's police power has not been defined, the ability to make determinations for the economic welfare of its citizens falls comfortably within the scope of legitimate exercises of that power.  *FM Props.*, 93 F.3d at 175 n.9.  We therefore examine whether the City's action of denying a building permit to Vineyard advanced its legitimate goal of protecting the economic well-being of its citizens.  The connection between possible economic hardships and a deterioration of community values, and the presence of a second liquor store within a small geographic area is at least debatable, satisfying the necessary rational relationship.  *See id* at 175 (as long as "the existence of a rational relationship between" the City's action and the City's goal "is at least debatable" there is no constitutional violation).  The City did not violate Vineyard's right to substantive due process when it denied Vineyard's application for a building permit.

Vineyard next argues that the City violated its right to equal protection by denying it a building permit.  Vineyard argues that it qualifies for the class-of-one theory of equal protection, which protects an individual from being (1) "intentionally treated differently from others similarly situated;" with (2) "no rational basis for the difference in treatment."  *Engquist v. Oregon Dept. of Agric.*, 553 U.S. 591, 601, 128 S. Ct. 2146, 2153 (2008) (internal quotation omitted).  Vineyard's argument fails in its inception because Vineyard cannot show that it was similarly situated to others.  No other individuals attempted to open liquor stores within the same shopping center as another liquor, nor with the passing of the new City ordinance will one ever be allowed to do so.  Vineyard argues that shopping centers frequently have two restaurants, both with liquor licenses.  However, even assuming that a restaurant and a liquor

6

store are similar for this inquiry, the difference in treatment is rationally based. The Mayor explained in her deposition testimony that unlike liquor stores, restaurants in close proximity attract customers to each other, citing food courts as a good example of this phenomenon. Thus, Vineyard has failed to demonstrate an equal protection violation.

Vineyard last argues that the City violated its constitutional right to be free from tortious interference with contract. "To state a claim under § 1983, a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). Vineyard has demonstrated no federally protected right to be free from tortious interference with business opportunity. The sole case that Vineyard cites for this proposition is inapposite because it merely analogized the damage calculations for a tortious interference claim but found liability based on an equal protection claim. *See Cordeco Dev. Corp. v. Santiago Vasquez*, 539 F.2d 256, 260–61 (1st Cir. 1976). Additionally, Vineyard cannot rely on its alleged property interest in the building permit because that interest is protected by its right to due process, not some other right.

AFFIRMED.