CARLTON, J.,
dissenting:
¶ 40. I respectfully dissent from the majority’s opinion. The order of the circuit court reflects that the court used the wrong standard in reviewing the decision by the Mayor and the Board of Aldermen of the City of Natchez, wherein the City affirmed the City’s Planning Commission’s denial of Roundstone Development, LLC’s request for approval of a site plan, subdivision plat approval, and re-zoning of Audubon Terrace Development. The circuit court found the decision to deny Round-stone’s site plan, subdivision plat, and rezoning was fairly debatable and supported by substantial evidence and was neither arbitrary nor capricious. However, I submit that approval of a site plan and subdivision plan must be reviewed differently than re-zoning decisions.
¶ 41. Re-zoning decisions constitute quasi legislative decisions[2] and are properly reviewed with the standard applied by the circuit court herein, as fairly debatable *351 and supported by substantial evidence and neither arbitrary or capricious. However, I submit that approval of site plans and subdivision plats, like building permits, constitute ministerial acts. Since the site plan and subdivision plat met current zoning requirements and no re-zoning was needed, then the City cannot deny approval without a legally valid reason.[3]
¶ 42. A letter from the City,[4] to Mr. Phillips[5] of SunAmerica Housing Fund, LP[6] contained in the record, dated May 16, 2007, states the proposed subdivision met current standards, as the following excerpt demonstrates:
Please be advised that: (I) the Project is zoned R-l (Single-Family Residential District) which zoning allows single-family use as a matter of right and is within the city limits of Natchez, Mississippi^] (ii) the Project is not located within an overlay zone district (such as, for example a PUD or an historical district)[;] and (iii) there are no violations of zoning law, or non-conforming uses and the Project is in compliance with all applicable zoning and subdivision laws, ordinances and regulations (including, without limitation, all those establishing or relating to parking requirements). Further, there are no other requirements which must be satisfied in order for the Project to fully comply with applicable zoning and subdivision laws, ordinances, regulations^] and parking requirements. Copies of the regulations and ordinances of the City of Natchez, Mississippi!!,] that establish and define the parking requirements and permitted uses for the R-l (Single-Family Residential Zoning District) zone are attached to this letter.
¶ 43. As stated, the record reflects that when the property was purchased, the proposed use met existing zoning requirements for development of the property, and the subsequent re-zoning demanded by the City was unnecessary for the property’s development. Moreover, the re-zoning demanded by the City differed from zoning requirements existing when the property was purchased for the proposed use.[7] The unnecessary demand for rezoning delayed the project and provided a frustrating distraction in confusing the review of the legality of the City’s denial of the site plan and subdivision plat, particularly since the proposed project met existing zoning requirements. In denying approval of the site plan and subdivision plat, the City abused its discretion as Round-stone submitted it as a matter of right in compliance with existing zoning requirements.
¶ 44. This Court, in Vineyard Investments, LLC v. City of Madison, 999 So.2d 438, 442 (¶ 10) (Miss.Ct.App.2009), previously held that a City had acted outside of its discretion by denying building permits that met current zoning ordinances and building regulations. Similarly, in Berry *352 v. Embrey, 238 Miss. 819, 824, 120 So.2d 165, 167 (1960), the Mississippi Supreme Court recognized that a building permit for a shopping center, which conformed to building regulations, could not be denied because of a proposed use where the area was not zoned against such use. Furthermore, precedent has recognized that the issuance of a permit constitutes a purely ministerial act, and a city lacks discretion to deny when applicable building code and zoning ordinances are met. See Thompson v. Mayfield, 204 So.2d 878, 880 (Miss.1967). In applying precedent to this case, I respectfully submit that the City abused its discretion in denying approval of the site plan and subdivision plat for a use that met existing requirements.
¶45. Additionally, Roundstone asserts that the City considered improper criteria of an alleged undesirable elass of people in demanding re-zoning. Roundstone essentially argues that the City’s requirement of re-zoning constituted a subterfuge and a tainting of its consideration of improper demographic criteria to block the development,[8] since the proposed use met zoning and building requirements when the property was purchased. If shown by sufficient evidence that the City of Natchez indeed considered improper discriminatory demographic criteria, then precedent reflects that such decision by the City would be arbitrary, capricious, and improper in denying approval of the site plan and subdivision plat for the use that met existing requirements.[9]
¶ 46. However, we need not reach that issue today. The approval of the site plan and subdivision plat herein required no re-zoning for approval; therefore, the denial of the re-zoning fails to impact the approval of the site plan and subdivision plat submitted in compliance with current zoning requirements. The proposed use satisfied existing zoning and building ordinances; therefore, the City abused its discretion in denying approval of the site plan and subdivision plat without a legally valid reason. See 83 Am. Jr.2d Zoning and Planning § 400 (“Where the creation of a planned unit development is authorized, the applicant must meet the standards of the ordinance, but the applicant need not adduce the proof essential to the granting of a variance.”) (citing Chandler v. Kroiss, 291 Minn. 196, 190 N.W.2d 472 (1971)). See generally Woodhouse v. Bd. of Comm’rs. of Town of Nags Head, 299 N.C. 211, 261 S.E.2d 882 (1980) (denial improper where development was not prohibited by current zoning ordinances); LaSalle Nat’l Bank v. Lake County, 27 Ill.App.3d 10, 325 N.E.2d 105 (1975) (denial was arbitrary, capricious, and unreasonable where developers substantially complied with requirements of existing ordinances).
¶ 47. Returning to review the key analysis before us — was there error in the trial court’s review of whether the City had abused its discretion in performing the ministerial acts of approving a site plan and subdivision plat. In Vineyard Investments, LLC, 999 So.2d at 441-42 (¶ 10), this Court recognized that an applicant’s right to erect a building for which a permit is sought is otherwise absolute where no legally valid reason exists to deny the building permit. As stated differently, issuance of a permit constitutes a ministerial act, and where zoning and building re *353 quirements are satisfied, then no legal basis exists for the city to deny the permit. Id. at 440-41 (¶ 7); see Berry, 238 Miss, at 824-25, 120 So.2d at 168 (finding city officials act outside of their authority when denying building permit where existing requirements are met, and aggrieved property owner may obtain a writ of mandamus or may appeal from the order of the municipality denying such permit).[10]
¶ 48. In applying the foregoing precedent to the present case, since the proposed use, site plan, and subdivision plat met the existing zoning requirements, as acknowledged by the City in the May 16, 2007 letter quoted herein, then the City possessed no discretion to deny the permit without a legally valid reason. The circuit court failed to review whether any legally valid reason existed to deny approval of the site plan or subdivision plat. This Court in Vineyard Investments, LLC, 999 So.2d at 441-42 (¶ 10), acknowledged that an applicant’s right to erect a building, which met current zoning requirements, was absolute, and this Court reversed and remanded the case to the circuit court.
¶ 49. Based upon the foregoing reasons, I respectfully dissent.
RUSSELL, J., JOINS THIS OPINION.

. See McKee v. City of Starkville, 2010 WL 3547993 *4 (¶ 12) (Miss.Ct.App.2010) (recognizing that zoning and re-zoning are legislative matters); Childs v. Hancock County Bd. of Supervisors, 1 So.3d 855, 859 (¶ 12) (Miss.2009) (The classification of property for zoning purposes is a legislative rather than judicial matter, and the burden of proof for rezoning is on the individual asserting invalidity of the re-zoning or seeking re-zoning); Miss. Manufactured Housing Ass'n v. Bd. of Supervisors of Tate County, 878 So.2d 180, 187 (¶ 17) (Miss.Ct.App.2004) (“[Z]oning ordinance must be construed as a whole, and it may not be dissected and considered as a multitude of ordinances having no relation to the general scheme of zoning."). See generally Sherman v. City of Colorado Springs Planning Comm'n, 763 P.2d 292 (Col.Ct.App.1983); 83 Am. Jur.2d Zoning and Planning § 480 (2d ed. 2003) ("Conditions imposed for approval of subdivision plans must be reasonable in the context of the subdivision in issue, be necessary for the harmonious development of the municipality, and be specifically stated.”).

. See Vineyard Inv., LLC v. City of Madison, 999 So.2d 438, 440-41 (117) (Miss.Ct.App.2009).

. Walter Huston, Land Use Planner for the Department of Planning and Zoning, drafted the letter.

. Mr. Phillips's first name is not indicated in the record.

. Regardless of whether the letter was addressed to Roundstone or to SunAmerica Housing Fund, LP, one of Roundstone’s alleged lenders, the letter clearly provided that the project met the current zoning requirements. This letter is indicative of the other two letters in the record showing that Round-stone’s proposed subdivision met the zoning requirements.

.The use of land is subject to a valid exercise of a municipality’s power to zone and control property use within its boundaries. See 101A C.J.S. Zoning & Land Planning § 6 (2005).

. Regarding exclusionary zoning tactics, see generally BAC, Inc. v. Bd. of Supervisors of Millcreek Twp., 534 Pa. 381, 633 A.2d 144 (1993); Toll Bros. v. Twp. of W. Windsor, 173 N.J. 502, 803 A.2d 53 (2002).

. See generally Resident Advisory Bd. v. Rizzo, 564 F.2d 126, 146-49 (3rd Cir.1977); United States v. City of Black Jack, Mo., 508 F.2d 1179, 1184-85 (8th Cir.1974).

. Regarding ministerial acts, see generally Powell v. State Tax Comm'n, 233 Miss. 185, 101 So.2d 350 (1958); City of Jackson v. Sunray DX Oil Co., 197 So.2d 882 (Miss.1967). See also 5 Rathkopf’s The Law of Zoning and Planning, § 87:3 (2005) ("Site plan approval is the process by which a local board, typically the planning board or commission, reviews a project that is permitted as a matter of right.”).